**Carmen Rosa FUENTES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74006, A70–923–999.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Carmen Rosa Fuentes, Lawdale, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Anh–Thu P. Mai, Esq., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Carmen Rosa Fuentes, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and deny the petition.

Substantial evidence supports the IJ's determination that Fuentes did not establish past persecution or a well-founded fear of persecution because Fuentes did not show that any mistreatment was or would be on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir.1997). Specifically, Fuentes' testimony that she had temporarily provided housing for a family member who is a police officer does not compel the conclusion that the threats and harassment by unidentified men were on account of an imputed political opinion, or that she would be targeted upon return to Peru on account of an imputed political opinion. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1029–30 (9th Cir.2000) (holding that a police officer who had arrested members of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Sendero Luminoso was not imputed a political opinion solely because of his status as a police officer). Accordingly, Fuentes failed to establish eligibility for asylum or withholding of deportation. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000).

Fuentes' argument that the BIA's decision without opinion was improper is foreclosed by *Falcon Carriche,* 350 F.3d at 849–52. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (applying *Falcon Carriche* in the asylum context).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.